IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dawn W., ) | Case No.: 5:23-cv-5942-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Martin O'Malley, Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West ("Report"), under Local Civil Rule 83.VII.02 of the District of South Carolina. Plaintiff Dawn W.,[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), as amended, seeking judicial review of the final decision of Defendant Martin O'Malley, Commissioner of the Social Security Administration ("Defendant" or "Commissioner"),[2] denying Plaintiff's claims for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and Widow's Insurance Benefits under the Social Security Act ("Act").

---

[1]     The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2]     Martin O'Malley was confirmed as the Social Security Commissioner on December 20, 2023. Pursuant to Rule 25(d), Fed. R. Civ. P., , he is automatically substituted for Kilolo Kijakazi, Acting Commissioner of Social Security.

1

### A. Background

Plaintiff applied for DIB and SSI, alleging a disability onset date of April 20, 2017.[3] The applications were denied initially (*id.*) and on reconsideration by the Social Security Administration. (DE 9-3 at 192-93.) Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). (DE 9-4 at 232-33.) Plaintiff also filed an application for disability widow's benefits.[4] (DE 9-5 at 433-41.) Plaintiff appeared with her counsel for a hearing before an ALJ on January 5, 2023. (DE 9-3 at 55-116.) Vocational Expert ("VE") Jessica Coles also testified at the hearing. The ALJ issued a partially unfavorable decision on May 8, 2023, finding Plaintiff was not disabled prior to October 15, 2022, but she became disabled on that date and continued to be disabled through the date of the decision. (DE 9-2 at 14-36.) On June 30, 2023, Plaintiff requested a review of the unfavorable decision. (DE 9-4 at 412-13.) The Appeals Council denied that request on September 22, 2023, making the ALJ's decision the final decision of the Commissioner. (DE 9-2 at 1-5.) Plaintiff brought this action seeking judicial review of the Commissioner's decision in a Complaint filed on November 20, 2023. (DE 1.)

---

[3] The record does not contain a copy of Plaintiff's application for SSI. However, based on the Disability Determinations, Plaintiff protectively filed applications for DIB and SSI on January 27, 2020 (DE 9-3 at 139-40).

[4] The Application Summary is dated February 16, 2023. (DE 9-5 at 435-36.) However, the ALJ refers to an application for disabled widow's benefits dated September 3, 2021. (DE 9-2 at 17.)

### B. Report and Recommendation

The Magistrate Judge issued a Report and Recommendation on October 15, 2024, recommending the Commissioner's decision be reversed and remanded for further administrative action. (DE 14.) Neither party filed an objection to the Report and Recommendation.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

After a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record. Thus, the Court adopts the Report (DE 14) and incorporates it here by reference.

It is, therefore, **ORDERED** that the Commissioner's decision is **REVERSED AND REMANDED** for further administrative proceedings.

**IT IS SO ORDERED.**

Florence, S. C.

December 18, 2024

Joseph Dawson, III
United States District Judge

3